# In the United States Court of Federal Claims

No. 22-1386 T

Filed: December 13, 2023

|  |  |
|---|---|
| ZELNA J. WALLACE, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

*Zelna J. Wallace*, pro se.

*Anthony M. Cognasi*, U.S. Department of Justice, Tax Division, *attorney of record*.

**ORDER**

     Plaintiff Zelna Wallace brought this action claiming, among other things, overpayment in her 2013, 2015, and 2021 tax years. *See generally* ECF No. 1. Defendant has moved to dismiss plaintiff's complaint, arguing that plaintiff's failure to file an administrative refund claim divests this Court of jurisdiction over her refund suit regarding the 2013 and 2015 tax years, and that plaintiff's unpaid tax amount for the 2021 tax year creates a jurisdictional bar for her remaining claim. ECF No. 13. Plaintiff filed a response pursuant to this Court's order, alleging that she filed a refund claim with the IRS which encompasses the 2015 taxable year. This Court needs not reach the merits of her claims because plaintiff cannot clear the applicable jurisdictional hurdles.

**I.**     **Legal Standards**

     The Internal Revenue Code, 26 U.S.C. § 7422(a), requires a claimant for refund or credit to file an administrative claim for refund with the Treasury before she may bring suit in any court:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [Treasury] Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Furthermore, under § 7422(e), "[i]f the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayers' suit for refund." *Id.* § 7422(e).

Interpreting this provision, the Supreme Court clarified that "[u]nder § 7422(e) . . . a claimant [such as plaintiff] is given the option of pursuing [her] suit in the District Court or in the Tax Court, but [she] cannot litigate in both." *Flora v. United States*, 362 U.S. 145, 166 (1960). *Flora* also stands for the proposition that in addition to filing an administrative claim, a taxpayer must also fully pay the tax assessed (the "full payment" rule). *Id.* at 146 ("[W]e [previously] decided that full payment of the assessment is a jurisdictional prerequisite to suit . . . [and a]fter giving the problem our most careful attention, we have concluded that our original disposition of the case was correct."). The U.S. Court of Appeals for the Federal Circuit has interpreted the "full payment" rule from *Flora* to mean that this Court has jurisdiction to hear a tax refund suit provided the taxpayer makes full payment of the amount assessed, excluding interest and penalties. *Shore v. United States*, 9 F.3d 1524, 1527 (Fed. Cir. 1993).

**II.     Analysis**

To begin, the Court lacks jurisdiction over any tax years for which plaintiff has filed a petition in the United States Tax Court. 26 U.S.C. § 7422(e); *Curtin v. United States*, 102 Fed. Cl. 769, 770 (2012); *Wolfe v. U.S. Tax Ct.*, 513 F. Supp. 912, 914-15 (D. Colo. 1981); *Brown v. United States*, 251 F.3d 169 (Fed. Cir. 2000). As the Court previously noted, *see* ECF No. 40, the Government's status reports have clearly detailed plaintiff's petitions in the Tax Court, which includes the 2013,[1] 2015, and 2021 tax years. ECF No. 21-3 at 5. According to the Tax Court's docket, plaintiff's case is set for trial in February 2024. *See* Notice of Trial on 02/05/2024 at Dallas, Texas, *Wallace v. Comm'r of Internal Revenue*, No. 2493-23 (T.C. Sept. 28, 2023), No. 13. Accordingly, the Court lacks jurisdiction over plaintiff's claims regarding the 2013, 2015, or 2021 tax years. This is the entirety of her claim here.

Regardless of § 7422(e), plaintiff has not shown that she has filed an administrative claim with the IRS for her 2015 tax year before filing suit in this Court. *See* ECF No. 1 (containing no allegation of an administrative refund claim for 2015). Therefore, under 26 U.S.C. § 7422(a), this Court does not have subject matter jurisdiction to hear her claim concerning the 2015 tax year. ECF No. 13 at 10; 26 U.S.C. § 7422(a). Regarding plaintiff's claim concerning her 2021 tax year, an amount of her tax liability remains unpaid. ECF No. 13-1 at 102–05 [Ex. J] (Form 1040 for 2021 reporting a tax underpayment of $1,308). Since filing her 2021 Form 1040, no payment has been made towards this tax liability. ECF No. 13-1 at 99–100 [Ex. I]. Under the *Flora* and *Shore* decisions, as well as the applicable statutes, this Court lacks jurisdiction to hear her claim as to the 2021 tax year because plaintiff has failed to fully pay the tax assessed for that

---

[1] Although the plaintiff's original complaint, ECF No. 1, did not reference the 2013 tax year, plaintiff did raise issues regarding the 2013 tax year in her response to the Government's motion to dismiss. ECF No. 15. The Court need not decide if plaintiff properly pleaded her claim regarding the 2013 tax year because the Court lacks jurisdiction to hear matters related to 2013 under § 7422(e). That said, there is no indication that plaintiff has filed an administrative claim for tax year 2013. ECF No. 49 at 1.

year.  *Flora*, 362 U.S. at 146 ("[F]ull payment of the assessment is a jurisdictional prerequisite to suit . . ."); *see also Shore*, 9 F.3d 1524.

### III.    Conclusion

For the foregoing reasons, the Court hereby rules as follows:

- Defendant's Motion to Dismiss, ECF No. 13, is hereby **GRANTED**;

- Plaintiff's Complaint, ECF No. 1, is hereby DISMISSED without prejudice; and

- The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge